**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENNY DREW SAYRE,**

      **Petitioner,**

  **v.**                         **CIVIL ACTION NO. 2:09cv35**
                                      **(Judge Maxwell)**

**EVELYN SEIFERT, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

On March 19, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as well as a Petition to Proceed *in forma pauperis*. On March 20, 2009, the petitioner's motion to proceed *in forma pauperis* was granted.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

### I. PROCEDURAL HISTORY

The petitioner was convicted by a jury of burglary and kidnaping in the Circuit Court of Harrison County, West Virginia. As a result of his conviction, petitioner received a recidivist life sentence. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. Petitioner's appeal was refused in 1999

This is the <u>seventh</u> time that the petitioner has sought federal habeas relief in this court. On March 7, 2002, the petitioner filed his first federal habeas petition. <u>See</u> 1:02cv41. The petitioner's case was considered on the merits and dismissed with prejudice by the Honorable Irene M. Keeley on March 31, 2003. The Fourth Circuit denied the petitioner's request for certificate of appealability

on December 3, 2003.

The petitioner filed a second federal habeas on August 2, 2004. See 1:04cv172. While that action was pending, the petitioner filed a third federal habeas petition on November 22, 2004. See 1:04cv246. By consolidated Order, the Honorable W. Craig Broadwater dismissed the petitioner's second and third federal habeas petitions as successive. On July 21, 2006, the Fourth Circuit denied the petitioner a certificate of appealability.

On November 14, 2005, the petitioner filed his fourth petition. See 5:05cv183. On August 16, 2006, Judge Stamp dismissed this petition as successive, as well. On December 29, 2006, the Fourth Circuit denied the petitioner a certificate of appealability.

On May 3, 2007, the petitioner filed his fifth petition. See 1:07cv61. On September 12, 2007, the Honorable Irene M. Keeley dismissed this petition as successive. On November 27, 2007, the Fourth Circuit denied the petitioner a certificate of appealability.

On April 16, 2008, the petitioner filed his sixth petition. See 5:08cv88. On March 4, 2009, the Honorable Frederick P. Stamp dismissed the petition as successive. Now, a mere fifteen days later, the petitioner has filed yet again.

## II. **THE PETITION**

In his petition, the petitioner asserts the following grounds for relief:

(1) the trial court erred by allowing the state to use a false case number at his recidivist trial in violation of his rights to due process and equal protection;

(2) the recidivist life sentence was illegal due to the use of the wrong name for the victim on the triggering offense.

## III. **ANALYSIS**

Title 28 U.S.C. § 2244 (b) provides that:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > **(B)(I)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The petitioner's first federal habeas petition was considered on the merits and denied. All of the petitioner's subsequent petitions have been dismissed as successive. Therefore, the petitioner's claims in this case are both abusive and repetitive, and because the petitioner has not obtained authorization to file a second or successive federal habeas petition from the Fourth Circuit Court of Appeals, this Court is without authority to hear this case. See United States v. Winestock, 234 F.3d 2005 (4th Cir. 2009)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.'); see also Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D. Va. Nov. 19, 2003)(citing 28 U.S.C. § 2244(a) and McClesky v. Zant, 499 U.S. 467, 489 (1991))("the abuse of writ doctrine generally precludes inmates from relitigating the same issue in subsequent [habeas] applications, or from raising new issues in subsequent habeas petition").

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Court enter an Order

**DISMISSING** the instant petition (Doc. 1) **with prejudice** because it is a successive petition and the petitioner, yet again, has not received authorization from the Fourth Circuit Court of Appeals to file a successive §2254 petition.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: March 20, 2009

                                           /s/ James E. Seibert  
                                          JAMES E. SEIBERT  
                                          UNITED STATES MAGISTRATE JUDGE